·CHARLOTTE STILLWELL v. MARTHA PEASE et al.

A testator devises unto his son, J. P., his mansion-house farm in fee, "with this reserve, that the said J. P. or his heirs afford a lawful maintenance to my daughter A. S. and her two daughters from said farm, as long as they live and should want the same." He further devises as follows: "I will that my daughter A. S. should abide, and have a lawful maintenance, and her two youngest daughters with her, on said home farm, as long as she the said A. S. lives, and her two daughters shall want their maintenance " *Held*, that after the death of A. S. her daughters were not bound to remain upon the home farm to entitle themselves to the provision made for them in the will.

*Dayton*, for complainant.

*Hartshorne*, for defendant.

THE CHANCELLOR. This case depends upon the true construction of the will of Adam Pease, deceased, the grandfather of complainant; it is dated November tenth, eighteen hundred and thirty-one, and by it he devises as follows: "I will that my beloved wife, Martha Pease, should have at her own will and pleasure, full possession, control and use of the house I now live in, every part thereof, to her only, and to occupy as she pleases, with all the home farm, that I now live upon, to her only use, as long as she lives and remains my widow, and no

longer. Then I will that my son, John Pease, should come in, (not his family,) with my beloved wife, Martha Pease, to live; and that he the said son, John Pease, should till and manage said farm to the best advantage, under the said Martha Pease; and the said John Pease is to let the said Martha Pease to have to her share of all the net proceeds of said farm, every year, in season and good order, one equal third part to her use, and the other two thirds to be the said John Pease's, for his compensation, and to be done in co-expense, by Martha Pease and John Pease; and that my colored man Jacob, and Hester his wife, should remain on said farm with said Martha and John Pease, in *co-alike* in their maintenance, and clothing, and sickness and death, and that to be done for them as long as my beloved wife, Martha Pease, should live and remain my widow, &c. Then I will and bequeath unto my son, John Pease, after the death of my widow Martha Pease, all the *mantion* farm that I now live upon, the same part of land described as aforesaid, to him and his lawful heirs, for ever, with this reserve, that the said John Pease, or his heirs, afford a lawful maintenance of my daughter, Ann Stillwell, and her two daughters named Charlotty and Lucinda Stillwell, *ofrom* said farm, as long as they live, and *shoul* want the same."

And in a subsequent part of the will, he devises as follows: " Item. I will that my daughter, Ann Stillwell, should abide, and have a lawful maintenance, and her two youngest daughters with her, on said farm that I now live upon, as long as she the said Ann Stillwell lives, and her two daughters shall want their maintenance, named Charlotty and Lucinda Stillwell, and the same to be done by my beloved wife, Martha Pease, and my son, John Pease, after my death, of and from said home farm, for her portion of my estate."

There can be no doubt but that John Pease took this devise, subject to and charged with the support of Ann Stillwell, and her two daughters, Charlotte and Lucinda. But the defendant contends, in the first place, that they agreed to go out to the west, and that he provided a support for them there; and that

[Stillwell v. Pease.]

the mother, Ann Stillwell, and one daughter, Lucinda, actually went out, but that Charlotte, the present complainant, refused to go; and that she ought to be bound by that agreement, as she was then nineteen years old, &c.

The fact that she was a minor, is a sufficient answer to this point, particularly as it is not perceived in what manner she was to be benefitted by the agreement, nor is it at all material whether she remained here by the interference of Jonathan Pease, or from her own unbiassed wish; the whole of the testimony upon that subject is impertinent.

In the next place, the defendant contends that he is not bound to support Charlotte except upon the home farm, and alleges that he has provided boarding and lodging for her there.

There is nothing in this objection; John Pease takes the farm with this reserve, "that the said John Pease, or his heirs, afford a lawful maintenance of my daughter, Ann Stillwell, and her two daughters, named Charlotty and Lucinda Stillwell, *ofrom* said farm, as long as they live and should want the same."

There is no condition annexed, in this part of the devise; and in the latter part of the will, where it is provided that Ann Stillwell should abide on the farm with her two daughters, it is only during the life of Ann Stillwell, and any argument which might possibly be founded upon that part of the will, is destroyed by the death of Ann Stillwell, the mother. I do not mean to intimate that even in the life time of Ann Stillwell, the complainant, Charlotte Stillwell, would be bound to abide on the home farm in order to entitle her to the support provided by the will of her grandfather. This cannot operate oppressively to the defendants, for the court will take care that the charge for the support be fair and reasonable.

I shall, therefore, declare that the said home farm mentioned in the will of Adam Pease, is charged with the reasonable maintenance and support of Charlotte Stillwell; and that a master of this court be directed to inquire and report what annual sum is requisite for such reasonable maintenance, and what amount is

now due to said Charlotte on that account, and what is the net value of the yearly rents and profits of the said farm as it now exists.